IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN DARNELL BANKS,<br>Inmate Number 54150-066,<br><br>Plaintiff,<br><br>v.<br><br>J. HOLLINGSWORTH,<br>Warden of Fort Dix Federal Correctional Institution,<br><br>Defendant. | CRIMINAL ACTION<br><br><br><br><br>No. 00-230 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                         **MAY 22, 2013**

This matter is before the Court on the pro se petition of Kevin Darnell Banks ("Petitioner") for habeas corpus relief under 28 U.S.C. § 2241. Petitioner argues that he is entitled to prison time credit from December 16, 1999 through July 2, 2003. Petitioner is proceeding in forma pauperis. Petitioner states that he is presently confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey. For the reasons set forth below, the Court will transfer the Petition to the Unites States District Court for the District of New Jersey because this District Court lacks jurisdiction over this matter.

**I.      JURISDICTION**

The Government's Response to Petitioner's Habeas Corpus Motion Under 28 U.S.C. § 2241 asserts that the Petition is not filed in the proper jurisdiction because Petitioner is

currently imprisoned in New Jersey at FCI Fort Dix.[1]  (Govt.'s Resp. § 2241 Petition at 2-4.)
Section 2241 is the general habeas corpus statute under which federal prisoners may seek relief
for claims of unlawful custody.  See 28 U.S.C. § 2241.  Specifically, Section 2241 provides in
relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless . . .
> [h]e is in custody in violation of the Constitution or laws or treaties
> of the United States.

28 U.S.C. § 2241(c)(3).  Jurisdiction over a Section 2241 habeas petition is limited to the district
where the petitioner is being held in custody.  See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542
U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement,
jurisdiction lies in only one district: the district of confinement."); Burkey v. Marberry, 556 F.3d
142, 146 (3d Cir. 2009) (noting that the petitioner, who challenged the BOP's determination that
he was ineligible for early release, had "appropriately filed his habeas corpus petition in the
district of confinement"); U.S. v. Figueroa, 349 F. App'x. 727, 730 (3d Cir. 2009) ("A petition
brought under 28 U.S.C. § 2241 must be filed in the district in which the petitioner is
imprisoned."); Yi v. Maugans, 24 F.3d 500, 503 (3d Cir. 1994) ("A district court's habeas corpus
jurisdiction is territorially limited and extends only to persons detained and custodial officials
acting within the boundaries of that district.").

By Petitioner's own admission, he is currently confined at FCI Fort Dix in New Jersey,
and was confined there at the time he filed his Petition.  In fact, Petitioner names J.
Hollingsworth, the Warden of FCI Fort Dix, as the Respondent.  (See § 2241 Pet.)  Therefore,

---

[1] In addition, the Government argues for the dismissal of the Petition because it raises the same claim that was previously raised, and rejected, and is, therefore, a successive petition under the "Abuse of Writs" doctrine. (Govt.'s Resp. § 2241 Petition at 2-4.)  We will not address the merits of this argument since we lack jurisdiction.

2

this Court has no personal jurisdiction pursuant to 28 U.S.C. § 2241(a).

**II.     TRANSFER**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, transfer of the habeas action to the United States District Court for the District of New Jersey is in the interest of justice because it is the proper district where it should have been brought. See 28 U.S.C. § 1631 Therefore, this case will be transferred to the District of New Jersey.

**III.    CONCLUSION**

For the reasons set forth above, the Petition will be transferred to the District of New Jersey because this District Court lacks jurisdiction over this matter.

An appropriate Order follows.